**FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| HOWARD L. FOX d/b/a F&S ENTERPRISES, <br><br>  Plaintiff, <br><br> v. <br><br> STEPHEN A MONSANTO, ALDA MONSANTO, and LPP MORTGAGE LTD., <br><br>  Defendants, <br><br> and <br><br> TROPICAL YOGURT ENTERPRISES, INC., <br><br>  Cross-Claim Defendant. | Civil No: 1997-156 |
| ALDA S. MONSANTO, <br>  Third Party Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA SMALL BUSINESS ADMINISTRATION, <br><br>  Third Party Defendant. |  |

**ATTORNEYS:**

**Chad C. Messier, Esq.**
St. Thomas, U.S.V.I.
  *For LPP Mortgage,*

**Treston E. Moore, Esq.**
St. Thomas, U.S.V.I.
  *For Alda S. Monsanto,*

**Sharon Schoenleben, Esq.**
St. John, U.S.V.I.
  *For Howard L. Fox,*

*Fox v. Monsanto et. al.*
Civil No. 1997-156
Order
Page 2

**Joycelyn Hewlett, AUSA**
St. Thomas, U.S.V.I.
    *For the United States of America Small Business Administration*

### ORDER

**GÓMEZ, C.J.**

Before the Court is the application of LPP Mortgage, Ltd. f/k/a/ Loan Participant Partners ("LPP") for attorneys' fees and costs.

The above-captioned action for debt and foreclosure was originally commenced in the Superior Court of the Virgin Islands, Division of St. Thomas and St. John.[1]  On August 26, 1997, the matter was removed to this Court.

Thereafter, LPP, Alda S. Monsanto ("Monsanto"), the United States of America Small Business Administration ("SBA"), and Tropical Yogurt Enterprises, Inc. ("Tropical") moved for summary judgment on their claims for debt and/or foreclosure against Howard L. Fox d/b/a F&S Enterprises ("Fox").  On May 18, 2007, the Court granted the summary judgment motion.  In that ruling, the Court entered judgment in favor LPP.  The Judgment also

---

[1] Prior to 2005, the trial court was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges.  Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004).  Recognizing this renaming, this Court employs the terms Superior Court and Superior Court Judge.

*Fox v. Monsanto et. al.*
Civil No. 1997-156
Order
Page 3

established the priority of the various parties' liens on the foreclosed property and ordered the sale of the property.

LPP now seeks reimbursement from Monsanto and Tropical, jointly and severally, in the amount of $32,846 for attorneys' fees and costs incurred in this litigation.

The Virgin Islands Code provides for the recovery of attorneys' fees and costs, including:

   (1) Fees of officers, witnesses, and jurors;

   (2) Necessary expenses of taking depositions which were
   reasonably necessary in the action;

   (3) Expenses of publication of the summons or notices,
   and the postage when they are served by mail;

   (4) Compensation of a master as provided in Rule 53 of
   the Federal Rules of Civil Procedure;

   (5) Necessary expense of copying any public record,
   book, or document used as evidence in the trial; and

   (6) Attorney's fees as provided in subsection (b) of
   this section.

V.I. CODE ANN. tit. 5, § 541(a) (1986).  The statute further provides: "there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto . . . ." *Id.* at (b).

To determine a fair and reasonable award of attorneys' fees, the Court considers factors including the time and labor involved, skill required, customary charges for similar services,

*Fox v. Monsanto et. al.*
Civil No. 1997-156
Order
Page 4

benefits obtained from the service and the certainty of compensation. *Lempert v. Singer*, Civ. No. 1990-200, 1993 U.S. Dist. LEXIS 19923, at *5 (D.V.I. December 30, 1993; *see also Morcher v. Nash*, 32 F. Supp. 2d 239, 241 (D.V.I. 1998). Reasonable attorneys' fees may include charges for work that was "useful and of a type ordinarily necessary to secure the final result obtained from the litigation." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 561 (1986); *see also Gulfstream III Assoc's, Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 414, 420 (3d Cir. 1993) (noting that reasonable attorneys' fees may include charges for measures necessary to enforce district court judgments as well as other charges "reasonably expended" to advance the litigation).

Applying the standard outlined above, the Court finds that only some of the $32,846 in attorneys' fees and costs claimed by LPP was reasonably expended.

For instance, LPP requests reimbursement for work that was billed excessively or repeatedly. The Court will exclude those entries in its assessment of reasonable fees. *See*, *e.g.*, *Gulfstream III Assocs., Inc.*, 995 F.2d at 422 ("[A] district court's power to reduce the fee award by excluding time as excessive [or] duplicative . . . ."); *Equivest St. Thomas, Inc. v. Virgin Islands*, 2004 U.S. Dist. LEXIS 26256 *11 (D.V.I. 2004)

*Fox v. Monsanto et. al.*
Civil No. 1997-156
Order
Page 5

(reducing a fee award where there was some "duplication of effort").

The Court also notes that, while LPP seeks an award of attorneys' fees and costs as against Monsanto and Tropical, the fees generated were not solely attributable to those entities. Indeed, Fox contested LPP's foreclosure action throughout the entirety of the litigation. Even so, the issues were not novel, but, rather, "relatively commonplace." *See*, *e.g.*, *Good Timez, Inc. v. Phoenix Fire & Marine Ins. Co.*, 754 F. Supp. 459, 463 (D.V.I. 1991) ("In computing what is a reasonable award of attorney's fees in a particular case, the court should consider, among other things, the novelty and complexity of the issues presented in that case.") (citing *Lindy Bros. Builders v. Am. Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 168 (3d Cir. 1973)). The Court will reduce the fee award to reflect those facts. *See*, *e.g.*, *Home Depot, U.S.A. v. Bohlke Int'l Airways*, 2001 U.S. Dist. LEXIS 6935 at *1-2 (D.V.I. 2001) ("The decision whether to award attorneys' fees to a prevailing party is entirely within the Court's discretion.") (citation omitted).

For the foregoing reasons, it is hereby

**ORDERED** that Monsanto and Tropical, jointly and severally, shall reimburse LPP for attorneys' fees and costs in the amount of $14,233.27; it is further

*Fox v. Monsanto et. al.*
Civil No. 1997-156
Order
Page 6

     **ORDERED** that all pending motions in this matter are **DENIED** without prejudice; and it is further

     **ORDERED** that the Clerk of the Court shall close this matter.

**DATED: April 4, 2008**        S\_____
                                              **CURTIS V. GÓMEZ**
                                                 **Chief Judge**

Copy:
       Chad C. Messier, Esq.
       Sharon Schoenleben, Esq.
       Treston E. Moore, Esq.
       Timothy E. Treanor, AUSA
       Joycelyn Hewlett, AUSA